IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL HACKETT, : | |
| : | Case No. 2:16-cv-252 |
| Plaintiff, : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Kemp |
| TECSIS, LP, : | |
| : | |
| Defendant. : | |

**OPINION & ORDER**

This matter is before the Court for consideration of Defendant's Motion to Dismiss Plaintiff's claim for a violation of Ohio Revised Code § 1335.11. (Doc. 8.) For the reasons set forth below, the Court **DENIES** the motion.

**I.  BACKGROUND**

Plaintiff Michael Hackett filed a complaint in this court on March 23, 2016 against Defendant Tecsis, LP ("Tecsis"), alleging that Defendant failed to pay commission for products that Plaintiff sold on Defendant's behalf. (Compl., Doc. 1 at 11.)  Plaintiff brought claims for violation of Ohio Revised Code § 1335.11, breach of contract, and tortious interference with business relationships. (*Id*. at 7-11.) On May 23, 2016, Defendant filed counterclaims against Plaintiff for breach of contract, unjust enrichment, conversion, promissory estoppel, and negligent misrepresentation.  (Countercl., Doc. 9 at 12-15.)  Defendant also moved to dismiss Plaintiff's section 1335.11 cause of action for failure to state a claim upon which relief can be granted. (Doc. 8.)

1

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed for "failure to state a claim upon which relief can be granted." A Rule 12(b)(6) motion allows "a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). Plaintiff must meet the pleading requirements of Federal Rule of Civil Procedure 8(a) in order to state a claim upon which relief can be granted. Rule 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). While detailed factual allegations are not required, Rule (8)(a) requires more than bare assertions of legal conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, a complaint will be insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). When considering a motion to dismiss, the Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008).

## III. ANALYSIS

In its Motion to Dismiss, Defendant contends that Plaintiff is not entitled to bring a claim under Ohio Revised Code § 1335.11 because the statute applies only to commissions earned for sales made in Ohio. (Doc. 8 at 1.) Plaintiff does not dispute that he made no sales in Ohio, but rather argues that the Ohio General Assembly revised section 1335.11 in order to allow "sales representatives" to obtain protection under the statute even if they made no sales within the state.

(Doc. 13 at 4.) In its reply, Defendant asserts that in revising the statute, the General Assembly did not intend to change section 1335.11's scope and, therefore, it still precludes protection of out-of-state sales representatives. (Doc. 14 at 3-5). Consequently, the outcome of this motion depends on which party's interpretation of section 1335.11(A)(3) is correct.

Section 1335.11(A)(3) provides exemplary damages for unpaid commissions owed by principals to sales representatives. *EnQuip Techs. Grp., Inc. v. Tycon Technoglass S.r.l.*, 986 N.E.2d 469, 482 (Ohio Ct. App. 2012). No state or federal court has had occasion to interpret the revised statute's application to commissions for out-of-state sales.

Prior to its revision, section 1335.11(A)(3) defined "sales representative" as:

> a person who contracts with a principal to solicit wholesale orders for a product *within this state* and who is compensated, in whole or in part, by commission, but does not include a person who places orders for or purchases the product for his own account for resale, a person who is an employee of a principal, or a person who sells the product to the ultimate consumer.

Ohio Revised Code § 1335.11 (1988) (amended 1999) (emphasis added). In 1999, the General Assembly moved the phrase "within this state" to the end of the paragraph and redefined sales representative as:

> a person who contracts with a principal to solicit orders for a product or orders for the provision of services and who is compensated, in whole or in part, by commission, but does not include a person who places orders for or purchases the product for that person's own account for resale or places orders for the provision of or purchases services for that person's own account, a person who is an employee of a principal, or a person who contracts with a principal to solicit *within this state* orders for a product or orders for the performance of services and who is not compensated, in whole or in part, by commission.

*Id.* (emphasis added).

In amending the statute, the General Assembly expanded the definition of "sales representative" to cover "persons who solicit any type of order for products or services, whereas prior law covered only those who solicited wholesale orders for products in Ohio." Ohio B.

3

Analysis, 1999 S.B. 18, 123rd General Assembly (1999). Furthermore, the statute continues to provide "that a person who purchases products (or services) for the person's own account, or who is an employee of a principal, or who is not compensated by commission is not considered a sales representative." *Id.* Therefore, Defendant's contention that moving the phrase "within the state" to the exclusionary portion of the paragraph renders Plaintiff's interpretation superfluous is without merit. (Doc. 14 at 5-6.) The General Assembly has simply reworded the final clause of the definition to exclude sellers who contract to solicit orders within Ohio and do not receive commission for their work. The "within the state" phrase bears no relationship to, and does not in any way limit, the beginning portion of the definition, which, as stated above, expanded the definition to cover sellers who solicit orders outside of Ohio by removing the phrase "within this state." Because Plaintiff is a "sales representative" as defined by section 1335.11(A)(3), he has stated a claim for relief under this statute.

### IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **DENIED**. (Doc. 8.)

**IT IS SO ORDERED.**

s/Algenon L. Marbley<br>
**ALGENON L. MARBLEY**<br>
**UNITED STATES DISTRICT COURT**

**Dated: August 23, 2016**