UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL HACKETT d/b/a ) <br> NORTHEAST TECH REPS, ) <br> ) <br>     *Plaintiff,* ) <br> ) <br> v. ) <br> ) <br> TECSIS, LP, ) <br> ) <br>     *Defendant*. ) | Case No. 2:16-cv-00252-ALM-TPK <br><br> JUDGE ALGENON L. MARBLEY <br><br> MAGISTRATE JUDGE KEMP |

## AGREED PROTECTIVE ORDER REGARDING CONFIDENTIALITY

Plaintiff Michael Hackett d/b/a Northeast Tech Reps ("Plaintiff") and Defendant tecsis, LP ("Defendant") (Plaintiff and Defendant are collectively referred to as the "Parties" or singularly a "Party") have concluded that discovery in the above-styled litigation, along with any appeals (the "Litigation"), may involve documents and information considered by a Party to contain confidential or otherwise sensitive business or personal information and, therefore, wish to restrict the use of such documents in order to protect their respective interests in confidential documents. Accordingly, the Parties believe that it would be appropriate for discovery in this Litigation to proceed under a protective order of this Court and have agreed to the following terms of this Agreed Protective Order Regarding Confidentiality ("Order"). Therefore, it is ORDERED as follows:

1.  This Order establishes procedures to facilitate discovery while maintaining the confidentiality of sensitive information (referred to as "Confidential and/or Attorneys' Eyes Only Information"). The Order establishes the parameters of Confidential and/or Attorneys' Eyes Only Information, the protection and use of Confidential and/or Attorneys' Eyes Only

Information, and for post-trial disposition of Confidential and/or Attorneys' Eyes Only Information.

    2.    This Order applies to all documents and tangible things produced by any Party in connection with this Litigation, including copies, excerpts, and summaries thereof, and all deposition testimony in which such documents or tangible things (including the contents thereof) are discussed.  This Order shall apply to any documents, testimony, or tangible things that any Party contends contains Confidential and/or Attorneys' Eyes Only Information.

    3.    Confidential and/or Attorneys' Eyes Only Information shall not be used for any purpose other than preparing for and conducting this Litigation (including discovery, pre-trial proceedings, trial, appeal, or settlement).  Confidential and/or Attorneys' Eyes Only Information shall not be shown, made available, provided, communicated, or disclosed to anyone other than Qualified Persons (as defined below) except in accordance with this Order, unless agreed otherwise in writing, on stenographic record, or in open court, or as ordered by this Court.

    4.    A Party may designate documents, testimony (deposition or otherwise), and other information produced, furnished, or disclosed to another party or its counsel during discovery, any hearing, or the trial of this Litigation as "Confidential" or "Attorneys' Eyes Only" under the following terms:

        a.    "Confidential Information" means confidential or proprietary personal or business information, personnel records, policies, organizational charts, marketing materials, commission information, pricing information, or other proprietary documents designated as such by the furnishing Party. The Party designating information as confidential shall only designate information that it reasonably believes is confidential.

        b.    A Party designating information as "Attorneys' Eyes Only" shall only designate technical, financial, pricing, cost, sales, and customer information, training materials, trade secrets, and other business or personal information that the Party reasonably believes is highly confidential and is particularly sensitive in relation to the Party's

competitive business plans or strategies.

5. Information contained in documents, interrogatory answers, electronic forms, and transcripts of testimony taken in any deposition in this Litigation, as well as any tangible things or items inspected in this Litigation, for which a claim of confidentiality is made will be designated as confidential by stamping "CONFIDENTIAL" on the face of the writing or by written designation made to the other party with specific reference to the document, information, tangible thing, or item inspected (*e.g.*, "We are designating the attached documents, Bates label number X 001 to X 005, as 'CONFIDENTIAL' within the meaning of the Agreed Protective Order Regarding Confidentiality"). Information contained in documents, interrogatory answers, electronic forms, and transcripts of testimony taken in any deposition in this Litigation, as well as any tangible things or items inspected in this Litigation, for which a claim of attorneys' eyes only is made will be designated as attorneys' eyes only by stamping "ATTORNEYS' EYES ONLY" on the face of the writing or by written designation made to the other party with specific reference to the document, information, tangible thing, or item inspected.

6. With respect to testimony, including testimony taken in any deposition in this Litigation, that constitutes or references Confidential and/or Attorneys' Eyes Only Information, portions of the transcript may be designated as "Confidential" or "Attorneys' Eyes Only" on the record at the time the testimony is given, and/or portions of the testimony may be designated as "Confidential" or "Attorneys' Eyes Only" within thirty (30) days after receipt of the transcript under the procedures set forth above. In addition, any deposition in which documents designated as Confidential or Attorneys' Eyes Only are marked as exhibits or shown to the deponent or otherwise employed shall be considered Confidential and/or Attorneys' Eyes Only and subject to the provisions of this Order.

7. The inadvertent or unintentional production of documents containing Confidential and/or Attorneys' Eyes Only Information without being designated as Confidential or Attorneys' Eyes Only at the time of the production shall not be deemed a waiver in whole or in part of the disclosing Party's claim to the confidentiality of the documents produced. Any error in designation shall be corrected as soon as reasonably possible after the disclosing Party becomes aware of the error. In such cases, the disclosing Party may make a claim of Confidentiality and/or Attorneys' Eyes Only by written designation to the other party with specific reference to the information so designated (*e.g.*, "The documents previously produced to you, marked as Bates label number X 001 to X 005, are designated 'CONFIDENTIAL' within the meaning of the Agreed Protective Order Regarding Confidentiality").

In the event a producing Party later designates a document as Confidential or Attorneys' Eyes Only, the document must be treated by the receiving Party as confidential from the time of receipt of the notice of the Confidential or Attorneys' Eyes Only designation.

8. For purposes of this Order, "Qualified Persons" are defined as follows:

   a. The judge or judges assigned to this case or any appeal of this case, court reporters, and other court personnel, such as video equipment operators, personnel involved in the recording, copying, transcribing, or editing testimony or documents, other court authorized personnel, and the trier of fact, including the jury;

   b. Jeffries, Kube, Forrest & Monteleone Co., L.P.A., in its capacity as counsel for Plaintiff; Haynes and Boone, L.L.P., in its capacity as counsel for Defendant; and employees and representatives of Jeffries, Kube, Forrest & Monteleone Co., L.P.A. and Haynes and Boone, LLP to whom it is necessary that Confidential Information be revealed for purposes of the administration, preparation, trial, settlement, or appeal of this Litigation;

   c. Parties and such employees and former employees of Parties to whom disclosure of Confidential Information is reasonably necessary for purposes of the administration, preparation, trial, settlement, or appeal of this Litigation;

  d. Persons employed or retained by a Party's attorneys in this Litigation for the purpose of assisting in the preparation of this Litigation for trial, any hearing therein, or any appeal hereof, including, but not limited to, expert consultants or expert witnesses (whether consulting or testifying). This provision is contingent on such person first being provided a copy of this Order and agreeing in writing to be bound by its restrictions, it being understood that consulting experts not subject to disclosure are not required to be prematurely identified by this provision;

  e. Any person believing to have knowledge of facts relevant to this Litigation that may be called as a fact witness by any Party. This provision is contingent on such person (i) first being provided a copy of this Order and agreeing in writing to be bound by its restrictions, (ii) using Confidential Information only in connection with this Litigation, and (iii) being shown or discussing Confidential Information only with his or her counsel or counsel of a Party;

  f. Any other person who is hereafter designated as a Qualified Person (i) by order of this Court, after notice to all Parties and hearing, or (ii) by agreement of the Parties in writing or on a stenographic record; and

  g. Any deponent or witness called at the time of trial or by deposition. This provision is contingent on such person (i) first being provided a copy of this Order and agreeing in writing to be bound by its restrictions, (ii) using Confidential Information only in connection with this Litigation, and (iii) being shown or discussing Confidential Information only with his or her counsel or counsel of a Party.

Except as agreed to in writing by the disclosing Party (or its counsel), access to Attorneys' Eyes Only Information shall be restricted to the Qualified Persons listed above in Paragraphs 8(a), (b), and (d) of this Order. Nothing in this Order prevents a Party from reviewing, accessing, or using its own Confidential and/or Attorneys' Eyes Only Information.

  9. Any Party has the right to object to the designation of any documents, information, or materials as "Confidential Information" or "Attorneys' Eyes Only." Such objection shall be made by serving on the disclosing Party in writing a notice challenging the designation and specifically identifying the individual documents (*i.e.*, by Bates number range), information, or materials with regard to which the designation is challenged, including a brief

statement of the basis for the challenge as to each document, information, or material. The disclosing Party may then, within thirty (30) days after service (as defined in the Federal Rules of Civil Procedure) of such notice, inform the objecting Party whether it intends to maintain the challenged designation. The objecting Party may then, if necessary, file a motion to have this Court rule on any challenged Confidentiality or Attorneys' Eyes Only designation identified in that notice. The disclosing Party will bear the burden of proving, if any such motion is filed by the objecting Party, that the challenged documents, information, or materials should continue to be deemed Confidential and/or Attorneys' Eyes Only Information. All documents, information, or materials so designated will continue to be deemed Confidential and/or Attorneys' Eyes Only Information under this Order pending a final ruling on such a motion. Any documents, information, or materials whose Confidential or Attorneys' Eyes Only designation is so challenged by written notice will cease to be deemed Confidential and/or Attorneys' Eyes Only Information if, upon expiration of the specified thirty (30) day period, the disclosing Party fails to respond to the objecting Party's written notice or informs the objecting Party that it has voluntarily withdrawn such designation.

10. Entry of this Order, and the circumstances of its execution of entry, shall not preclude any Party or its counsel from ever seeking relief from, or modification of, this Order at any time. That any Party and its counsel have requested, consented to, or not opposed, entry of this Order shall not serve as grounds for any Party to object to any request or motion for modification of this Order in the future. The Parties shall have the right to seek additional restrictions on the disclosure of any Confidential and/or Attorneys' Eyes Only Information by agreement or by order of this Court. Any Confidential and/or Attorneys' Eyes Only Information for which additional restrictions are sought shall be segregated at the time said Confidential

and/or Attorneys' Eyes Only Information is due for production and the additional restrictions shall be requested by the disclosing Party in writing. The right to segregate Confidential and/or Attorneys' Eyes Only Information and seek additional restrictions shall be waived if not requested at the time the Confidential and/or Attorneys' Eyes Only Information is produced unless good cause is shown within thirty (30) days from production based on inadvertence in failing to timely allege the additional restrictions.

11. Nothing in this Order shall abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by this Court concerning the status of documents, information, material, tangible things, or items inspected designated Confidential and/or Attorneys' Eyes Only Information.

12. Any Party wishing to file discovery or any other material including, *inter alia*, transcripts of depositions, exhibits, briefs and memoranda, which include or incorporate Confidential and/or Attorneys' Eyes Only Information shall seek leave of Court to file that content under seal pursuant to Local Civil Rule 5.2.1. No document may be filed with the Court under seal without prior leave of Court as to each such filing, upon motion and for good cause shown, and only to the extent necessary to preserve the established confidentiality interests.

13. Documents that the Court grants leave to file for *in camera* inspection shall be kept by the Court in sealed envelopes or other appropriately sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, the identity of the Party filing the materials, the words "DOCUMENTS FOR IN CAMERA INSPECTION," and a reference to the specific order or statute permitting the documents to be sealed.

14. It shall be the responsibility of the Party claiming the "Confidential and/or Attorneys' Eyes Only" status to follow the proper procedures set forth in Local Civil Rule 5.2.1 as applicable.

   a. Subject to the Federal Rules of Evidence, Confidential and/or Attorneys' Eyes Only Information may be offered in evidence at trial or any Court hearing, provided that the proponent of the evidence advises the other Party of the confidential nature of the information prior to its offer. Without limiting the manner in which such notice may be provided, the inclusion of Confidential and/or Attorneys' Eyes Only Information in a trial exhibit list or deposition designations for trial shall constitute notice under this paragraph. Any Party may move the Court for an order that the evidence be reviewed *in camera* or under other circumstances to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential and/or Attorneys' Eyes Only Information and, if so, what protection, if any, may be afforded such information at the trial or hearing.

   b. In the event that any Confidential and/or Attorneys' Eyes Only Information is used in any Court proceeding in this action, it shall not by such use lose its confidential status through such use, and the Party using such material shall take all steps reasonably available to protect its confidentiality during such use.

   c. This Order shall be without prejudice to the right of the Parties to bring before the Court at any time the question of whether any particular document or information is Confidential and/or Attorneys' Eyes Only Information or whether its use should be restricted. Any such request must specifically and in detail identify the document or information at issue. This Order shall not be deemed to prejudice the Parties in any way in any future application for modification of this Order.

15. The Parties agree, and it is ordered, that any Confidential and/or Attorneys' Eyes Only Information included with or incorporated into transcripts of depositions, exhibits, briefs and memoranda will be considered part of the court record for all purposes, including any subsequent appeal.

16. At the conclusion of the Litigation, including all appeals, except for Confidential and/or Attorneys' Eyes Only Information filed with this Court or incorporated into work product, all originals and reproductions of Confidential and/or Attorneys' Eyes Only Information shall be

returned to the disclosing Party upon request by the disclosing Party.  Alternatively, at the sole option of the disclosing Party, counsel for the receiving Party can confirm in writing the destruction and permanent deletion of all Confidential and/or Attorneys' Eyes Only Information.  However, the Parties agree that counsel for each Party may keep copies of any such Confidential and/or Attorneys' Eyes Only Information for the counsel's file concerning this Lawsuit.  The provisions of this Order shall continue to be binding after conclusion of this Lawsuit.

17. The designations of documents or tangible things as Confidential and/or Attorneys' Eyes Only Information shall not preclude their introduction, admissibility, or use at trial or any hearing or on appeal.  If any Confidential or Attorneys' Eyes Only Information is used as an exhibit at trial or otherwise displayed to the jury, all markings indicating that the document or material had previously been designated by the Party as Confidential or Attorneys' Eyes Only shall be removed prior to offering the document or material into evidence or displaying same to the jury, and no mention shall be made of the previous designation of confidentiality.  If any deposition is displayed or read to the jury at trial, all deposition statements and all markings indicating that the deposition had previously been designated by the Party as Confidential or Attorneys' Eyes Only shall be removed prior to offering the deposition testimony into evidence or displaying same to the jury, and no mention shall be made of the previous designation of confidentiality.  Nothing in this Order shall preclude any Party from objecting to any other Party's offer of any alleged Confidential and/or Attorneys' Eyes Only Information into evidence during or in any motion, response, reply, hearing, trial, or other matter in this Litigation.

18. The authorization contained in this Order to designate any information as Confidential and/or Attorneys' Eyes Only Information is intended solely to facilitate the

settlement, discovery, preparation for any hearing (including, without limitation, any preliminary injunction hearing), any hearing, preparation for trial, and trial of this Litigation, and such designation shall not be construed in any way as an admission or agreement by any Party that such information constitutes or contains confidential or trade secret information as a matter of law.  This Order shall not abrogate or diminish any contractual, statutory, or other legal privilege or protection of a Party with respect to any Confidential and/or Attorneys' Eyes Only Information. Nothing in this Order shall affect the admissibility of otherwise admissible evidence, nor shall anything in this Order preclude any Party from objecting to any other Party's offer of any alleged Confidential and/or Attorneys' Eyes Only Information into evidence during or in any motion, response, reply, hearing, trial, or any other matter in this Lawsuit. Furthermore, nothing in this Order shall affect the merits of the claims or defenses of any Party.

19. This Order does not affect any Party's obligation to submit a privilege log or to comply with discovery or disclosure requests as required by the Federal Rules of Civil Procedure.

20. All documents and other products of discovery (and all information derived therefrom, and all copies, excerpts, or summaries thereof), including electronically stored or saved data or information, which were obtained by the Parties pursuant to documents produced in response to requests for production, answers to interrogatories, responses to requests for admission, documents subpoenaed, transcripts and video or audio recordings of depositions and trial, and/or settlement negotiations shall not be shared or disclosed to any person or entity not covered by this Order.

21. The terms and conditions of this Order shall remain in full force and effect and shall survive the final resolution of this Litigation unless the Order is terminated or modified in writing by the Parties or by order of the Court.

22. This Order shall constitute an agreement between the Parties, enforceable even in the absence of a signature and entry by this Court.

SIGNED this 12th day of October, 2016.

/s/ Terence P. Kemp
UNITED STATES  MAGISTRATE JUDGE

**AGREED AS TO FORM AND SUBSTANCE BY:**

Attorneys for Plaintiff Michael Hackett

/s/ Michael P. Karst
Michael P. Karst
Ohio Bar No. 0091020
mkarst@jkfmlaw.com
Jarrett J. Northup
jnorthup@jkfmlaw.com
JEFFRIES, KUBE, FORREST & MONTELEONE CO., L.P.A.
1650 Midland Building
101 W. Prospect Avenue
Cleveland, Ohio 44115
Telephone: (216) 771-4050
Telecopier: (216) 771-0732


Attorneys for Defendant tecsis, LP

/s/ John Demarco
John Demarco
Ohio Bar No. 0065582
john.demarco@haynesboone.com
HAYNES AND BOONE, LLP
1221 McKinney Street, Suite 2100
Houston, Texas 77010
Telephone: (713) 547-2888
Telecopier: (713) 236-5588

Felicity A. Fowler *(Admitted Pro Hac Vice)*
Texas Bar No. 00784076
felicity.fowler@haynesboone.com
Meghaan C. Madriz *(Admitted Pro Hac Vice)*
Texas Bar No. 24070241
meghaan.madriz@haynesboone.com
HAYNES AND BOONE, LLP
1221 McKinney Street, Suite 2100
Houston, Texas 77010
Telephone: (713) 547-2072
Telecopier: (713) 236-5627